UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRYPTO TRADERS MANAGEMENT, LLC, a dissolved Idaho limited liability company; and SHAWN CUTTING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No. 1:20-mc-00335-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiffs' Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978. (Dkt. 1). The Court has determined that oral argument will not significantly assist the decisional process; therefore, the matter will be resolved without a hearing. The

**MEMORANDUM DECISION AND ORDER - 1**

motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion and enforce the subpoena.

## BACKGROUND

On November 19, 2020, Defendant United States Securities and Exchange Commission (SEC) issued a subpoena to Glacier Bank seeking documents related to Cutting's bank account and financial transactions in accordance with the Right to Financial Privacy Act of 1978. 12 U.S.C. §§ 3401 et seq. SEC sought these documents pursuant to an initial order of investigation issued on October 1, 2020, captioned, "Order Directing Private Investigation and Designating Officers to Take Testimony in the Matter of Crypto Traders Management, LLC." (*See Def.'s Resp.*, Dkt. 5 at 2). SEC issued the subpoena in connection with a law enforcement inquiry into whether CTM may have purchased, sold or offered for sale securities in violation of the antifraud, securities registration, and broker-dealer registration provisions of securities laws. The SEC has obtained evidence that Cutting may have been running an illegal investment scheme. There is also evidence that suggests Cutting has misappropriated money invested with CTM.

On December 4, 2020, Cutting and CTM filed a motion to quash SEC's subpoenas to Glacier Bank on the basis that the subpoena is not relevant to the investigation and that it seeks confidential information.

MEMORANDUM DECISION AND ORDER - 2

## LEGAL STANDARD

Under the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §§ 3401-22 a customer may file a motion to quash a subpoena. There are two grounds on which a customer may challenge the release of his financial records: (1) that the government has not met the RFPA requirements; or (2) that the financial records sought are not relevant to a legitimate law enforcement inquiry. 12 U.S.C. §§ 3410(a)(1)-(2). The RFPA requires that all customer motions to quash contain an affidavit or sworn statement stating reasons the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter. The applicant must file an objection within ten days of service or within fourteen days of mailing. 12 U.S.C. § 3410(a)(2).

The Government may obtain financial records pursuant to an administrative subpoena only if: (1) "the records sought are relevant to a legitimate law enforcement inquiry; and (2) "a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpoena or summons was served on the financial institution" together with a notice stating "with reasonable specificity the nature of the law enforcement

MEMORANDUM DECISION AND ORDER - 3

inquiry." 12 U.S.C. § 3405.

## ANALYSIS

CTM and Cutting move to quash the subpoena under the Right to Financial Privacy Act of 1978. Cutting does not argue that SEC failed to comply with RFRA's procedural requirements, or that the SEC's inquiry is not a legitimate law enforcement inquiry. Cutting asserts only that the records are not relevant to the law enforcement inquiry stated in the Customer Notice provided by SEC.

### A.     Eligibility to Challenge the Subpoena

The first issue before the Court is whether Cutting or CTM have standing to challenge the subpoena under the RFPA. The SEC argues that CTM is statutorily barred from challenging the subpoena. Only a customer may bring a challenge to a subpoena under the RFPA. 12 U.S.C. § 3410(a). A customer is defined as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution." 12 U.S.C. § 3401(5). A person is defined as "an individual or a partnership of five or fewer individuals." 12 U.S.C. § 3401(4). There is no dispute that Cutting is a customer and may challenge the subpoena under the RFPA. However, as a limited liability company, CTM does not qualify as a customer and cannot challenge the subpoena. *Exchange Point LLC v. U.S. S.E.C.*, 100 F.Supp.2d 172, 176 (S.D.N.Y. 1999).

**MEMORANDUM DECISION AND ORDER - 4**

### B. Reasonable Belief that the Records Sought Are Relevant to the Law Enforcement Inquiry

Next, the Court must determine whether the records sought are relevant to the SEC's legitimate law enforcement inquiry. The Court must deny the motion to quash if there is "a reasonable belief that the records sought are relevant" to a legitimate law enforcement inquiry. 12 U.S.C. § 3140(c). "[I]f the material sought by the subpoena "touches on a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Han v. Securities and Exchange Commission*, MC 19-68 PSG (AFMX), 2019 WL 4543099, at *2 (C.D. Cal. July 10, 2019).

Here, the SEC is investigating possible securities fraud violations committed by Cutting and CTM. The SEC has obtained evidence that suggest Cutting moved funds invested with CTM among several bank accounts—including personal accounts. The records sought may provide information regarding the amount of money raised by Cutting and CTM, and what happened to investors' money. The records may also identify other persons or entities involved in the scheme and potential victims of the scheme that are not yet known. Additionally, the records may help the SEC trace the proceeds from the transactions under investigation for possible disgorgement. Thus, the Court finds that the records sought by SEC are relevant to a legitimate law enforcement inquiry and there is no basis to quash the

**MEMORANDUM DECISION AND ORDER - 5**

subpoena.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act 1978 (Dkt. 1) is **DENIED** and the SEC may enforce the subpoena.

DATED: February 11, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6